IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| CLEVELAND JOHNSON, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the motions of defendant Cleveland Johnson ("Johnson") for a modification of sentence (Filing No. 1189) and for reduction of sentence under 18 U.S.C. § 3582(c) (Filing No. 1201). The Court finds that both motions should be denied.

Johnson first argues that his base offense level was too high because the amount of cocaine base attributed to the conspiracy at sentencing was more than he was charged with in the indictment. Johnson was indicted and convicted of a count referencing 50 grams or more of cocaine base. After trial, the Court made factual findings to resolve Johnson's objections to the amount of cocaine indicated by the presentence report (Filing No. 725). The Court found that between 7.2 and 13 kilograms were attributable to Johnson. The Court assigned a base offense level of 36 for an amount of cocaine base exceeding 500 grams. Johnson argues that the maximum amount of cocaine base the Court should have used in determining his base offense level was the 50 grams

listed in the indictment (resulting in a base offense level of 32).

This argument is not supported by the facts or the law. Notably, the words of the indictment (50 grams *or more*) encompass the amount upon which Johnson was sentenced. Courts are entitled to rely on the factual allegations in the presentence report that were not the subject of a specific objection. *U.S. v. Beatty*, 9 F.3d 686, 690 (8th Cir. 1993). The Court held an evidentiary hearing and made factual findings that resolved the defendant's objections. As the Guidelines are not mandatory, the Court was free to make its own factual findings to determine the appropriate Guideline range. *U.S. v. Townsend*, 408 F.3d 1020, 1022 (8th Cir. 2005) (citing *U.S. v. Booker*, 543 U.S. 220, 125 (2005)).

Next Johnson argues that he is entitled to a reduction in sentence pursuant the 2010 changes in the Guidelines that were prompted by the Fair Sentencing Act of August 3, 2010. Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). Section 2D1.1 of the Guidelines incorporated the new statutory minimums by lowering the base offense levels for specified amounts of cocaine base.

The Court's prior factual findings regarding the amount of cocaine base involved represent a range (7.2 to 13 kg) that straddles two base offense levels under the reformed Guidelines,

it is not conclusive in determining the applicable Guideline range that would apply.  However, the lower of the base offense levels is 36 which is the same level on which Johnson's current sentence is based.  Under the new Guidelines, the applicable Guideline range is 360 months to life.  Johnson's current sentence is 360 months with a 24 month credit for a state sentence.  Thus, the new Guidelines do not operate to reduce Johnson's sentence.  Accordingly,

IT IS ORDERED that defendant's motions for modification of sentence and for reduction of his sentence are denied.

DATED this 14th day of August, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court